IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 11-CV-00903-RPM-MJW

VICTOR P. TERRELL,

    Plaintiff,

v.

PEAK MEDICAL COLORADO NO. 3, INC., a Delaware Corporation, d/b/a BEAR CREEK NURSING AND REHABILITATION CENTER.

    Defendant.

## STIPULATED PROTECTIVE ORDER

Plaintiff and Defendant (the "Parties") have stipulated and moved the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information. Therefore, the Court orders as follows:

    1.    In this action, at least one of the Parties has sought and/or may seek to discover Confidential Information, as defined in paragraph 4 below.

    2.    The purpose of this Protective Order is to prevent disclosure of Confidential Information to any person or entity not involved in this litigation, as defined in this Protective Order, and to prevent Confidential Information from being used for any purpose unrelated to this litigation. By stipulating to this Protective Order, the parties to

this litigation do not intend to waive any other objections they may have to the production of Confidential Information.

3. This Protective Order shall apply to all documents, files or portions of files, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed in this litigation and designated as "Confidential" pursuant to the terms of this Protective Order.

4. "Confidential Information" includes, but is not limited to, information that the parties, in good faith, deem to be confidential or proprietary and/or information deemed to implicate privacy interests of individuals. "Confidential Information" includes, but is not limited to personnel records, internal investigation files; financial and tax information; information pertaining to personal identification, such as birth dates, social security numbers, insurance plan information and driver's license numbers; and medical records.

5. Documents, including electronically stored information, containing "Confidential Information" may be designated as Confidential by marking them as "Confidential" (in a manner that will not interfere with their legibility).

6. Responses to written discovery requests may be designated as Confidential by including the word "Confidential" next to or above the response.

7. Deposition testimony may be designated as Confidential by making such designation orally on the record during the deposition whenever possible. A Party may also designate portions of depositions as Confidential after transcription by giving written

notice of the designation to all counsel of record within two business days of the Party's receipt of the deposition transcript.

8. Confidential Information may be disclosed to the following, provided that these persons comply with the terms of this Protective Order, and are not involved with or connected to the media:

    a. attorneys actively working or consulting on this case and their support staff;

    b. the Parties including representatives for the Defendants, and their respective employees, agents and representatives;

    c. expert witnesses and their staffs, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case, provided that the expert witness executes the Written Acknowledgement in the form attached as Exhibit A to this Order;

    d. the Court, court staff and court reporters who are hired to record proceedings in this action;

    e. deponents;

    f. witnesses who, upon the judgment of counsel, have a need to review confidential information; and

    g. other persons by written agreement of the parties.

9. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not publish or divulge the Confidential Information, either orally or in writing, to the media or any other person or entity unless authorized to do so by Court order.

10. The Party's counsel who intends to disclose Confidential Information to non-parties shall send the recipient of the information a copy of this Protective Order and shall obtain a signed copy of the Written Acknowledgment in the form attached as Exhibit A from the recipient prior to disclosing the Confidential Information. The subject Party's counsel shall maintain a list of all persons to whom any Confidential Information is disclosed and retain the signed Written Acknowledgments. The Parties, their attorneys and support staff, stenographic reporters, the Court and court staff shall not be required to complete a Written Acknowledgment.

11. A Party may object to the designation of particular Confidential Information by notifying the designating Party in writing of the objection. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party disputing the designation of the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. In connection with a motion filed under this provision, the Party disputing the information as Confidential

shall bear the burden of establishing that good cause exists for the disputed information not to be treated as Confidential.

12. The terms and requirements of this Protective Order shall survive the completion of this action regardless of whether the case is settled, tried and/or appealed.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of any document produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

14. This Protective Order shall not preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure. Nor shall this Order govern the manner in which the Court treats Confidential Information at trial. Any party wishing to file documents designated as confidential shall do so in accordance with D.C.Colo.L.Civ.R. 7.2 and 7.3. Documents designated as confidential may be tendered and publicly admitted at trial without further Order.

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

Dated August 30, 2011.

BY THE COURT:

Richard P. Matsch
Senior District Judge

5

PROTECTIVE ORDER STIPULATED BY:

s/ Gregg McReynolds
Gregg McReynolds
McReynolds Law, LLC
5445 DTC Parkway, Penthouse 4
Greenwood, Village, CO 80111

Attorney for Plaintiff

s/ Theresa L. Corrada
Theresa L. Corrada
Lapin & Lapin, P.C.
1775 Sherman Street, Suite 1445
Denver, CO 80203

Attorney for Defendant